JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|   |   |
|---|---|
| ABELARDO MARTINEZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> EPIC GAMES, INC., a Maryland corporation, and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: CV 19-10878-CJC(PJWx) <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Dkt. 10] AND DENYING AS MOOT DEFENDANT'S MOTION TO SERVE LIMITED PRE-REMAND JURISDICTIONAL DISCOVERY [Dkt. 19] |

**I. INTRODUCTION & BACKGROUND**

On November 19, 2019, Plaintiff Abelardo Martinez, Jr. brought an action against Defendant Epic Games, Inc. in Los Angeles Superior Court, asserting one state law cause of action for violations of California's Unruh Civil Rights Act. (Dkt. 1-1 [Complaint, hereinafter "Compl."].) Epic Games is a video game company perhaps best known for its video game Fortnite. Plaintiff is blind and alleges that the online store portion of Defendant's website denies blind users full and equal enjoyment and access to the

-1-

services, advantages, privileges, and accommodations offered through that website. (*Id.* ¶ 16.) Plaintiff seeks injunctive relief, statutory damages under the Unruh Act, attorney fees, and costs. (*Id.* ¶ Prayer for Relief.)

In a clear attempt to evade federal jurisdiction, Plaintiff's Complaint "expressly limits his total amount of recovery, including statutory damages, attorneys' fees and costs, and cost of injunctive relief not to exceed $74,999." (*Id*.) He further "expressly limits the injunctive relief to require that Defendant expend no more $20,000 as the cost of injunctive relief." (*Id.*) Despite these disclaimers, Defendant removed the case on December 20, 2019, asserting diversity jurisdiction. (Dkt. 1.) Defendant stated, and Plaintiff does not dispute, that there is complete diversity because Plaintiff is a California resident and Defendant is a Maryland corporation with its principal place of business in North Carolina. (Dkt. 1; Compl. ¶¶ 7, 9.) However, the parties dispute whether the amount in controversy is satisfied.

Before the Court are two related motions. The first is Plaintiff's motion to remand, (Dkt. 8 [hereinafter "Mot."]), which Defendant opposes (Dkt. 17 [hereinafter "Opp."]). The second is Defendant's motion to serve limited pre-remand jurisdictional discovery. (Dkt. 19, hereinafter "Discovery Mot."). For the following reasons, Plaintiff's motion to remand is **GRANTED**, and Defendant's motion to serve jurisdictional discovery is **DENIED AS MOOT**.

## II. LEGAL STANDARD

A civil action brought in state court may be removed by the defendant to a federal district court if the action could have been brought there originally. 28 U.S.C. § 1441(a). Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See*

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Accordingly, the burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

Federal courts have diversity jurisdiction where there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The amount in controversy is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). In measuring the amount in controversy, courts assumes the allegations in the complaint are true and that the jury will return a verdict in favor of the plaintiff on all claims. *See Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (directing courts to first look to the complaint in determining the amount in controversy). A removing Defendant has the burden to "prove that the amount in controversy . . . exceeds the jurisdictional threshold by a preponderance of the evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018).

When a defendant initially removes a case, it must submit only a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). And when the basis for removal is diversity jurisdiction, the amount in controversy allegation in the removal notice "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). However, if the plaintiff contests, or the court questions, the defendant's allegations, evidence establishing the amount is required. *See id.*; 28 U.S.C. § 1446(c)(2)(B). The Ninth Circuit recently explained that following such a challenge,

the defendant must make its showing with "summary-judgment-type evidence." *Fritsch v. Swift Transp.*, 899 F.3d at 794.

## III. DISCUSSION

### A. Plaintiff's Express Disclaimer

The success of Plaintiff's motion to remand hinges on whether his Complaint puts over $75,000 in controversy. Plaintiff asserts that Defendant has failed to meet its burden of proving by a preponderance of evidence that the amount in controversy meets this jurisdictional threshold. Defendant counters that the amount of controversy—which includes statutory damages, the cost of complying with any potential injunctive relief, and attorney fees—exceeds $75,000. The Court agrees with Plaintiff.

The parties principally dispute the import of the express disclaimer in Plaintiff's Complaint. Again, this disclaimer states that Plaintiff "expressly limits the total amount of recovery, including statutory damages, attorneys' fees and costs, and cost of injunctive relief not exceed $74,999." (Compl. ¶ Prayer for Relief.) Courts often give considerable respect to similar efforts to avoid federal jurisdiction. Indeed, it is axiomatic that the plaintiff is "the master . . . of his claim" and if he "chooses to ask for less than the jurisdictional amount in a state court complaint, absent a showing of bad faith [] the sum actually demanded is in controversy even though the pleader's motivation is to defeat removal." 14A Fed. Prac. & Proc. Juris. § 3702 (4th ed.). It follows that federal courts permit plaintiffs "to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 294 (1938) ("If [Plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the

jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.").

Defendant does not dispute the applicability of this longstanding rule. Rather, it contends that, because Plaintiff did not file a formal stipulation alongside his complaint confirming that he will not seek more than $75,000, he cannot now take advantage of the rule. Defendant's argument hinges on language in *Standard Fire*, which emphasized the legally binding nature of stipulations that limit the amount in controversy. 568 U.S. at 595. The Court is not convinced that Plaintiff's failure to file a legally binding stipulation prior to removal renders meaningless the averments in his Complaint or that such formality is required for him to obtain remand based on those averments under the circumstances here.

Three months ago, another court in this district faced the exact the same issue as the one presented here. *See Rios v. Wirepath Home Sys., LLC*, 2019 WL 6715044, at *2 (C.D. Cal. Dec. 10, 2019). There, the plaintiff—who was also blind and also asserted one state law Unruh Act claim based on an allegedly noncompliant website—stated in his complaint that he would not seek over $74,999 in total recovery. *Id.* at *1. Although the complaint in that case was also unaccompanied by a formal stipulation, the court nonetheless granted plaintiff's motion to remand. *Id.* It reasoned that the combination of the complaint's disclaimer and plaintiff's reaffirmation of that disclaimer in his motion to remand "approximate[d] a binding stipulation, especially because Plaintiff's assertions would judicially estop[ ] [him] from arguing for more than $75,000 in damages" in the future. *Id.* at *2. The Court agrees with this reasoning. Plaintiff's consistent affirmations in his Complaint and in his motion to remand are the functional equivalent of a binding stipulation and will judicially estop him from seeking more than $75,000 in the future. *See id.*; *Cicero v. Target Corp.*, 2013 WL 3270559, at *2 (D. Nev. June 26, 2013) (holding that a plaintiff who stated in her complaint and affirmed in her motion to

remand that her damages were limited to $74,999 would be judicially estopped from arguing for more than $75,000 in damages on remand); *Brown v. Citibank USA, N.A.*, 2014 WL 5810333, at *3 (C.D. Cal. Nov. 7, 2014) (accepting complaint's disclaimer that plaintiff would seek no more than $75,000 and remanding despite the lack of a formal stipulation). The fact that Plaintiff will be estopped from seeking higher damages in the future nullifies Defendant's chief concern—that Plaintiff could rely on the disclaimer in his Complaint when seeking remand and then disregard it when it comes time to seek damages.

Accordingly, the express disclaimer in Plaintiff's Complaint—although not in the form of a formal stipulation—nonetheless conclusively establishes that his statutory damages, attorneys' fees, and costs will not exceed $75,000. For the reasons discussed below however, the Court finds that the express disclaimer does not have the same effect on the amount in controversy with regard to injunctive relief.

### B. Injunctive Relief

Alongside his request for statutory damages and attorneys' fees, Plaintiff seeks an injunction that would require Defendant to make their online store accessible to visually-impaired individuals. (Compl. ¶ Prayer for Relief.) When a plaintiff seeks injunctive relief, the pecuniary value of such relief is included in the amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) ("The amount in controversy may include damages . . . and the cost of complying with an injunction") (internal quotation omitted). In the Ninth Circuit, the value of the injunction for purposes of determining the amount in controversy is assessed from "either viewpoint"—that is, the amount that either party can gain or lose from the issuance of the injunctive relief. *See In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001). Thus,

when "the potential cost to the defendant of complying with the injunction exceeds [$75,000]," the amount in controversy is established. *Id.*

The Complaint in this case states that "Plaintiff hereby expressly limits the injunctive relief to require that Defendant expend no more [than] $20,000." (Compl. ¶ Prayer for Relief.) Plaintiff contends that this express disclaimer effectively confines the amount in controversy of injunctive relief to $20,000. The Court disagrees. Plaintiff neglects to explain how this express disclaimer would actually apply in a world in which he prevails on his claim and a court issues an injunction ordering Defendant to change its website. In such an instance, the Court is highly skeptical that Plaintiff's disclaimer would have any effect at all. Defendant would have no choice but to comply with the injunction ordering it to change its website, regardless of whether the cost of doing so would exceed Plaintiff's self-imposed $20,000 ceiling. Accordingly, while Plaintiff can effectively limit the amount of statutory damages and attorney fees with an express disclaimer because he retains control over those forms of relief, a similar disclaimer cannot be effective as to injunctive relief, the cost of which is outside of his control. If Defendant can meet its burden in proving that the cost of injunctive relief exceeds $75,000, it can establish the amount in controversy notwithstanding Plaintiff's disclaimer.

With regard to the cost of potential injunctive relief, the parties submit competing declarations. Defendant submits a declaration from its Engineering Director, Justin Sargent. (Dkt. 17-1 [Declaration of Justin Sargent, hereinafter "Sargent Decl."].) Sargent contends that, if a court were to order Defendant to bring the online store section of its website into compliance with the Unruh Act, Defendant's only option would be to hire a full-time, in-house "UI/UX Designer" at the cost of $100,000 per year. (*Id.* ¶¶ 4–5.) This designer's sole duty would be website accessibility compliance. (*Id.*) According to Sargent, because the website would require "continual development,"

retaining an outside third-party vendor as opposed to a full-time employee would make little sense. (*Id.* ¶ 4.)

Plaintiff disputes Sargant's contentions and rebuts them with a declaration signed by Vashaun Jones, the owner of a technology company that has assisted many businesses in making their websites accessible to blind individuals. (Dkt. 18-1 [Declaration of Vashaun Jones, hereinafter "Jones Decl."] ¶ 2). Jones analyzed the challenged portion of Defendant's website and concluded that his company could bring it into compliance for a total cost of $14,300. (*Id.* ¶ 4; Ex. 1.) However, Jones's declaration was not included in Plaintiff's original motion, but instead was attached to his reply brief. Courts typically decline to address arguments raised for the first time in reply briefing, *see, e.g.*, *FT Travel--New York, LLC v. Your Travel Ctr., Inc.*, 112 F. Supp. 3d 1063, 1079 (C.D. Cal. 2015) (collecting cases), and in fairness to Defendant, the Court declines to do so here. This declination by no means precludes Plaintiff from prevailing on the question at hand, however. *See Garcia v. Lifetime Brands, Inc.*, 2016 WL 81473, at *4 (C.D. Cal. Jan. 7, 2016) ("While a plaintiff *may* rebut defendant's evidence with his or her own evidence, he or she need not do so in order to prevail on a motion to remand.") (emphasis in original).

A removing Defendant has the burden to "prove that the amount in controversy . . . exceeds the jurisdictional threshold by a preponderance of the evidence." *Fritsch v. Swift Transp.*, 899 F.3d at 795. The Court is not persuaded that, standing alone, Sargant's declaration is sufficient to meet Defendant's burden. Several factors compel this conclusion. First, the veracity of Sargant's estimate is called into question by its inconsistency with Defendant's original notice of removal. That notice estimated that the cost of compliance would be a mere $20,000 and gave no indication that it could be five times that amount. (Dkt. 1 at 8.) Next, Sargant admits that Defendant already employs "a large team of full time engineers to maintain and develop its website." (Sargant Decl.

¶ 2.) In light of this existing infrastructure, the Court is skeptical that an additional full-time employee tasked solely with accessibility compliance would be necessary. The Sargant Declaration fails to sufficiently explain why the burdens of compliance would be of such magnitude to necessitate an additional full-time employee. Nor does it offer an adequate explanation as to why a third-party contractor could not be hired instead of a full-time employee. Instead, it conclusorily states that retaining such a contractor would be "inefficient." (*Id.* ¶ 4.)

Courts in this district have been unwilling to find that defendants have met their burden in establishing the amount in controversy under similar circumstances. For example, in *Baracco v. Brooks Brothers Group, Inc.*—another Unruh Act case regarding website accessibility—the defendant submitted an affidavit from a single employee who stated that she spoke with a contractor who estimated that it would cost $150,000 to revamp the website in question. *See* 2019 WL 276840, at *3 (C.D. Cal. Jan. 22, 2019). The court nonetheless held "that this declaration is insufficient to show under the preponderance of evidence standard that the value of the injunction" met the amount in controversy. *Id.* Given the flaws noted above, the Court is similarly unable to find that the Sargant declaration is sufficient to meet Defendant's burden in establishing that the cost of compliance in this case exceeds the amount in controversy. Accordingly, Plaintiff's motion to remand is **GRANTED.**

//
//
//
//
//
//
//

## IV. CONCLUSION

For the following reasons, Plaintiff's motion to remand is **GRANTED**. This action is hereby remanded to Los Angeles County Superior Court. In light of this ruling, Defendant's motion for jurisdictional discovery—which seeks limited discovery in order to determine how many times Plaintiff visited its website—is **DENIED AS MOOT**.

DATED: March 10, 2020

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE